SARAH J. MYERS *et al.*

*v.*

THE WARREN COUNTY LIBRARY, ETC., ASSOCIATION *et al.*

*Opinion filed June 21, 1900.*

WILLS—*will construed.* A devise of the testator's property in equal parts to his widow and to his son, (his only child,) the latter to come into possession at the age of twenty-one, but in case of his death before such time without leaving lawful issue his share to go to the testator's sister subject to the widow's life estate, vests the share of the son in him upon his reaching the age of twenty-one, and upon his subsequent death, intestate and without having married, his share passes to the testator's widow by inheritance, without restriction, and the heirs of the sister take no interest.

WRIT OF ERROR to the Circuit Court of Warren county; the Hon. GEORGE W. THOMPSON, Judge, presiding.

On the 23d day of August, 1869, William Billings died at Monmouth, Warren county, leaving Sarah C. Billings, his wife, William Mark Billings, his son, and Mahala Vannatta, a sister, him surviving after having made the following as his last will and testament:

"I, William Billings, of Monmouth, Illinois, aged forty-seven years, being of sound mind and memory, do make, publish and declare this my last will and testament in manner following, viz.:

"*First*—I desire that my debts shall be first paid.

"*Second*—I give, bequeath and devise to my beloved wife, Sarah C. Billings, lots 1 and 4, in block 47, in the city of Monmouth, Warren county, Illinois.

"*Third*—I give, bequeath and devise to my wife, Sarah C. Billings, and my son, William M. Billings, all the rest, residue and remainder of all my real estate which I may die possessed of or in which I may have any interest whatever, to each an undivided one-half part; also all my personal estate, goods and chattels, of every kind and nature whatever, to each one-half, share and share alike,—my son's share to be given and to be vested in him when he becomes twenty-one years of age.

"*Fourth*—I will my son, William M., to my wife, Sarah C., until he becomes of the age of twenty-one years, and appoint her to be his guardian until he becomes of the age of twenty-one years.

"*Fifth*—In the event that my said son, William M., should die without children born to him in lawful wedlock before he becomes of the age of twenty-one years, then in that event it is my will and desire that my said wife shall have the use of all my real estate, my personal estate, goods and chattels, of every nature and kind whatever, during her lifetime and until the time of her death, at which time I give and devise the same (including said real estate in the city of Monmouth) to my sister, Mahala Vannatta, and her heirs and assigns forever.

"*Sixth*—I appoint my wife, Sarah C. Billings, my executrix of this my last will and testament, and I hereby give her full power, if she should conceive it for the best, to sell my said real estate or any part thereof, receive the purchase money, put the same on interest, and make a deed or deeds to the purchaser or purchasers for the same, and that the title of said real estate shall be thereby vested in such purchaser or purchasers as fully as if I had done the same myself; and if I should, during my lifetime, make any sale of real estate or sales of real estate without delivering a deed or deeds for the same, I hereby authorize my said wife, as executrix aforesaid, to complete such sale and to make and deliver deeds or deed to the purchaser or purchasers, and the title shall be thereby as fully vested in said purchaser or purchasers as if I had done the same in my lifetime.

"In witness whereof I have hereunto set my hand and seal this 13th day of April, A. D. 1863.

WILLIAM BILLINGS.    [Seal.]"

Billings' estate, at the time of his death, consisted of city property in Monmouth and lands situated in the State of Iowa, besides some $9000 of personal property. On March 4, 1884, his son, William Mark Billings, died intestate, at the age of thirty-two years, never having been married.  Mahala Vannatta departed this life October 15, 1894, intestate, leaving children and grandchildren, the plaintiffs in error here.  Sarah, the widow of William Billings, afterwards married one J. M. Simmons, and on March 3, 1898, made her last will and testament, which was afterwards duly proved and admitted to probate, by which, among other bequests and devises, it was provided: "I further give and bequeath to my beloved

husband, J. M. Simmons, for the term of his natual life, all my real estate, and the income arising therefrom, of which I may die possessed, and at the death of my said husband I give and bequeath said real estate to Monmouth Library and Reading Room, located in the city of Monmouth, county of Warren and State of Illinois, for the purpose of erecting a building, and they shall put a library in said building on the first floor. I give and bequeath the above mentioned real estate for said purpose on condition that the said Monmouth Library and Reading Room will place a marble slab in front of said building with the following inscription thereon: 'The Mark Billings Memorial Building.' If the said Monmouth Library and Reading Room should fail or refuse to comply with the above condition, then the above mentioned real estate shall descend to the Billings heirs wherever they may be found."

At the September term, 1898, of the Warren county circuit court the Warren County Library and Reading Room Association filed its bill, alleging it to be a corporation under the laws of this State and engaged in the business of conducting a free public library in the city of Monmouth; that as such corporation it had the power to receive and accept gifts, donations, bequests and devises of real and personal property; that the devise in the will of Sarah Simmons to the Monmouth Library and Reading Room was intended for the complainant; that the testatrix died the owner in fee of certain real estate in the city of Monmouth, describing it, and also certain lands in the State of Iowa, and that complainant is willing and desirous of accepting and taking under said devise according to the conditions thereof and complying with the conditions of the said devise. The bill makes the heirs of William Billings, known and unknown, including the heirs of Mahala Vannatta, defendants, and prays that the complainant may be decreed to be a devisee under the last will of Sarah C. Simmons, and be declared to be

the owner of the interest vested in and by said will in and to the said lands.

The answer of respondents charges that by the death of William Mark Billings without ever having been married and without having any children born to him before he was twenty-one years of age, and under the last will of William Billings, Mahala Vannatta became and was seized of the whole of lots 1 and 4, in block 47, in the city of Monmouth, and also of the undivided one-half of all the remaining lands, tenements and real estate of which the said William Billings died seized, her right being subject only to the life estate therein of Sarah C. Simmons; that said Mahala Vannatta became entitled to one-half of the personalty, subject to the life use thereof by said Sarah C. Billings; that by reason of the death of said William Mark Billings on the 4th day of March, 1884, without having children born to him before he arrived at the age of twenty-one years, Mahala Vannatta, under the terms of the will of said William Billings, then became seized in fee of all of said lands and entitled to all of the personalty, subject to the life estate therein of Sarah C. Billings; that respondents are seized in fee of said premises as heirs of Mahala Vannatta, and that the will of Sarah C. Simmons is wholly void and of no force and effect as to all of such property. Afterwards a cross-bill was filed by the same respondents, averring the same facts set up in their answer, and, in addition thereto, charging that William Mark Billings, at the time of his death, left no property; that no administration was ever had of his estate; that all the property which he had in his lifetime used or controlled was what his mother permitted him to use. The cross-bill asks that the complainants therein may be decreed to be the absolute owners, and entitled to the possession, as against the defendants in the cross-bill, to all the realty of which William Billings died seized, and that partition may be had among the complainants therein. A general demurrer to the

cross-bill was sustained, and the complainants electing to stand by their cross-bill, the same was dismissed by the court, and on hearing a decree was rendered in accordance with the prayer of the original bill.

It is apparent the principal questions for determination here depend upon the construction to be given to the will of William Billings.

A. F. GOODYEAR, (KIRKPATRICK & ALEXANDER, of counsel,) for plaintiffs in error.

GRIER & STEWART, for defendants in error.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

Under the averments of the cross-bill, to which a demurrer was sustained, it appears that certain property devised by Sarah C. Simmons, who had been the widow of William Billings, was the same property devised to her by said Billings. The demurrer admitted the truth of that averment, and at the threshold of this case it is admitted that property devised by William Billings is the identical property devised by Sarah C. Simmons. The sole question then to be determined on this record is the construction of the will of William Billings, and the determination of what estate was taken thereunder by his widow.

By the second and third clauses of the will two lots in the city of Monmouth and one-half the residue and remainder of the real and personal estate would be vested in Sarah C. Billings in fee simple if there were no other clauses of the will. By the third and fourth clauses of the will one-half the real and personal estate, other than the lots mentioned in the second clause, are declared to be vested in William Mark Billings if he should arrive at the age of twenty-one years. There is no attempt to in any manner dispose otherwise of the one-half of the residuary estate which vested in William M. Billings,

but the entire will, when considered as a whole, leaves the estate absolutely in William M. Billings after it once vests, without in any manner directing as to what is to become of the same should he die childless.   The material question to be considered, then, is the effect of the fifth clause on the property by the will devised to Sarah C. Billings.

By the first four sections of the will all the property owned by the testator, other than that devised to the wife by the second clause of the will, passed to and vested, the one-half in the widow and the one-half in the son upon his arriving at the age of twenty-one years. By his death without issue after that time, and intestate, his interest passed also to the mother, without any restriction.   The mother became then seized in fee of the entire estate.   By her will she disposed of the same, so that the complainants in the cross-bill, as heirs of Mahala Vannatta, took no interest, and it was not error to render a decree dismissing their bill.

The decree of the circuit court of Warren county is affirmed.

*Decree affirmed.*